# EXHIBIT A

**RALPH G. CRETELLA, IV ESQ.,** Attorney of Record
Attorney I.D. No: 212502017
**GARCES, GRABLER & LeBROCQ, P.C.**
235 Livingston Avenue
New Brunswick, NJ 08901
(732) 249-1300
Attorneys for Plaintiffs

| | |
|---|---|
| **THE ESTATE OF DONALD M. SNYDER by her ADMINISTRATOR AD PROSEQUENDUM JOAN SNYDER**<br>**Plaintiffs,**<br><br>vs.<br><br>**ARBOR LODGING MANAGEMENT; HYATT PLACE DALLAS/ARLINGTON; JOHN DOES (1-10) (fictitious names); JANE DOES (1-10) (fictitious names); LIMITED LIABILTY COMPANIES and/or PARTNERSHIPS 1-10; and A.B.C. COMPANIES (1-10) (fictitious entities),** | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION – ATLANTIC COUNTY**<br><br>DOCKET NO.<br><br>*Civil Action*<br><br><br>**COMPLAINT AND JURY DEMAND** |

## COMPLAINT

Plaintiff, **JOAN SNYDER, as administrator ad prosequendum of THE ESTATE OF DONALD M. SNYDER,** by way of Complaint against the Defendants hereby alleges and states:

## NATURE OF THE ACTION

This is a civil action seeking monetary and punitive damages against, **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON,** for the wrongful death of a hotel guest, Donald M. Snyder. The Decedent's heirs bring a wrongful death & survival action.

## PARTIES

1. Plaintiff, **JOAN SNYDER,** 36 Iroquois Drive, Galloway, New Jersey, Atlantic County, New Jersey, is the mother of the deceased, **DONALD M. SNYDER** "Decedent".

2. As it relates to this action, the Plaintiff, **JOAN SNYDER** is the duly acting and qualified administrator of the Estate of Donald M. Snyder, who at the time of his untimely death resided at 13 Mayflower Drive, Sicklerville, New Jersey 08081.

3. Defendant, **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON** is a Texas company that owns, operates and does business as **"HYATT PLACE DALLAS/ARLINGTON"** located at 2380 E Road to Six Flags St, Arlington, TX 76011, and offers for retail sale to the public and patrons intoxicating liquors of various kinds.

4. Defendant **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON** was, at all relevant times, the possessor of a Bar License, issued by the Texas Department of Liquor.

5. **ARBOR LODGING MANAGEMENT** has a portfolio of hotels across the United States and are approved managers for Marriott, Hilton, Hyatt, Choice and IHG including the Resident Inn in Mount Olive, New Jersey and the Homewood Suites in Somerset, New Jersey.

6. At all material times, Defendant **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON** includes and included any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint ventures, and organization units of any kind, predecessors, successors and assigns and their officers, directors, employees, agents, representatives and any and all other persons acting on their behalf.

7. Defendants **JOHN DOES (1-10) (fictitious names) & JANE DOES (1-10), A.B.C Corporations 1-10, Limited Liability Companies and/or partnerships 1-10** are

2

persons and entities whose true identities are unknown to Plaintiff, who together with named Defendants contributed to causing the harms, losses and damages described in this Complaint. Plaintiffs will amend thier Complaint when the true names of those Defendants become known.

8. At all material times, each of the Defendants, **JOHN DOES (1-10) (fictitious names) & JANE DOES (1-10)** were the agents and employees of **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON** in doing the events described and was at all times acting within the purpose and scope of such agency and employment and are vicariously liable under the theory of *respondeat superior* for the actions and inactions of their employees and contractors.

9. At all materials times, each of the Defendants were either joint tortfeasors with other Defendants, were concurrently or jointly and severally liable and/or otherwise derivatively or vicariously liable for the events described herein, which caused Plaintiff's injuries and damages described in this Complaint.

## **FACTUAL BACKGROUND**

1. Plaintiffs incorporate by reference all prior allegations contained in this Complaint.

2. On or about December 24, 2022, Defendant **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON**, located at 2380 E Road to Six Flags St, Arlington, TX 76011, by and through its employees, negligently served an excessive number of intoxicating beverages, to the deceased, **DONALD M. SNYDER**.

3. Defendant, **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON** by and through its employees, knew or should have known

3

that **DONALD M. SNYDER** was intoxicated and continued to serve him while he was already visibly intoxicated.

4.  After realizing that **DONALD M. SNYDER** was intoxicated and needed assistance, he was led to his hotel room at Defendant **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON**, by one of Defendant's employees who knew or should have known that he needed medical attention.

5.  After being brought back to his hotel room at Defendant's property, despite being aware of his condition, Defendant **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON** failed to complete any welfare safety checks on the Decedent, until his body was discovered two days later on December 26, 2022, by housekeeping.

6.  According to the information provided by the Tarrant County Medical Examiner, the deceased, **DONALD M. SNYDER** "Decedent" cause of death was acute ethanol toxicity.

## COUNT ONE – STATUTORY LIQUOR LICENCE LIABILITY

1.  Plaintiffs incorporates by reference all prior allegations contained in this Complaint.

2.  At all relevant times, Defendant **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON** owed a duty to comply with all applicable statutes, regulations and rules related to imposing liability on liquor licensees for serving obviously intoxicated patrons.

3.  Defendant **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON** breached this duty when it failed to comply with statutes,

4

regulations and rules regarding imposing liability on liquor licensees for serving obviously intoxicated patrons, as required by law.

7. Defendant **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON** and Defendants **JOHN DOES (1-10) (fictitious names) & JANE DOES (1-10)** negligently served an excessive number of intoxicating beverages, to the deceased, **DONALD M. SNYDER**, who at the time he was served, **JOHN DOES (1-10) (fictitious names) & JANE DOES (1-10)** knew, or reasonably should have known, the deceased, **DONALD M. SNYDER** was visibly intoxicated.

4. Decedent and Plaintiffs were within the class of persons whom statutes, regulations and rules regarding imposing liability on liquor licensees for serving obviously intoxicated patrons, as required by law were meant to protect.

5. Defendant **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON** and Defendants **JOHN DOES (1-10) (fictitious names) & JANE DOES (1-10)** failure to comply with the statutes, regulations and rules regarding imposing liability on liquor licensees for serving obviously intoxicated patrons, created the type of incident as described above which the law was designed to protect.

6. Defendant **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON** and Defendants **JOHN DOES (1-10) (fictitious names) & JANE DOES (1-10)** failure to comply with the statutes, regulations and rules regarding imposing liability on liquor licensees for serving obviously intoxicated patrons was the direct and proximate cause of decedent's injuries and death and thus constitutes negligence per se.

5

7. Defendant **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON** and Defendants **JOHN DOES (1-10) (fictitious names) & JANE DOES (1-10)** failure to comply with the statutes, regulations and rules regarding imposing liability on liquor licensees for serving obviously intoxicated patrons was a foreseeable consequence of the negligent service of alcoholic beverages.

8. The negligence of **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON** and Defendants **JOHN DOES (1-10) (fictitious names) & JANE DOES (1-10)** was the direct and proximate cause of death of Decedent and Plaintiffs' resultant damages.

## COUNT TWO – DRAM SHOP NEGLIGENCE

1. Plaintiffs incorporates by reference all prior allegations contained in this Complaint.

2. Defendant **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON** and Defendants **JOHN DOES (1-10) (fictitious names) & JANE DOES (1-10)** sold and provided alcoholic beverages to **DONALD M. SNYDER** at a time when Defendant **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON** and Defendants **JOHN DOES (1-10) (fictitious names) & JANE DOES (1-10)** knew, or in the exercise of reasonable care should have known, that **DONALD M. SNYDER** was visibly intoxicated.

3. Defendant **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON**'s sale of alcoholic beverages to **DONALD M. SNYDER** under such conditions was negligent and the proximate cause of **DONALD M. SNYDER** intoxication.

6

4. The negligence of **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON** was a proximate cause of death of Decedent and Plaintiffs' resultant damages.

## COUNT THREE – NEGLIGENT HIRING, TRAINING AND RETENTION

1. Plaintiffs incorporates by reference all prior allegations contained in this Complaint.

2. Defendant **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON** owed Decedent a duty to exercise reasonable care in the hiring, retention and supervision of its agents, servants and/or employees.

3. Defendant breached its duty, when by failing to exercise due care in the hiring, training, retention and supervision of its bartenders, servers and other hotel staff.

4. Defendant **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON** had a duty to use reasonable care in training personnel, including but not limited to training, education, evaluation, and corrective action with regard to serving alcoholic beverages in compliance with governing federal and local laws and regulations.

5. **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON** and Defendants **JOHN DOES (1-10) (fictitious names) & JANE DOES (1-10)** knew or should have known of the danger of serving alcohol to intoxicated persons and its need to adequately protect against serving intoxicated persons by proper hiring, training, retention and supervision of its agents, servants and/or employees.

7

6. Further, after recognizing and identifying the Decedent as a visibly intoxicated patron that was overserved by **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON** and Defendants **JOHN DOES (1-10) (fictitious names) & JANE DOES (1-10)**, Defendants **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON** and Defendants **JOHN DOES (1-10) (fictitious names) & JANE DOES (1-10)** failed to provide any form of welfare check on the Decedent, or assist the Decedent by seeking any medical attention, despite being aware of his compromised state.

7. As the proximate and foreseeable consequence of Defendant's, including its agents, servants and/or employees, negligent acts in failing to prevent the intoxication and untimely death of **DONALD M. SNYDER.**

8. Defendant **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON's** negligent staffing, training and hiring of inexperienced bartenders and hotel staff led to the preventable death of **DONALD M. SNYDER.**

9. As such, the negligence of **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON** and Defendants **JOHN DOES (1-10) (fictitious names) & JANE DOES (1-10)** was the direct and proximate cause of death of Decedent and Plaintiffs' resultant damages.

## COUNT FOUR – WRONGFUL DEATH

1. Plaintiffs incorporates by reference all prior allegations contained in this Complaint.

2. **ARBOR     LODGING     MANAGEMENT     d/b/a     HYATT     PLACE DALLAS/ARLINGTON** and Defendants **JOHN DOES (1-10) (fictitious names) & JANE DOES (1-10)** negligence caused the death of Decedent.

3. As a consequence of Decedent's death, his family has been caused to suffer pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced and reasonably probable to be experienced for the rest of their lives.

4. As a further consequence of Decedent's death caused by Defendant, Plaintiff incurred expenses for funeral and burial, medical care and services for the injury that resulted in death, lost wages, loss of earning capacity, and counseling for them and his other immediate family members.

5. As a further consequence of Decedent's death caused by Defendant, Plaintiff has incurred the loss of love, affection, companionship, care protection, and guidance since the death and in the future.

## COUNT FIVE – PUNITIVE DAMAGES

1. Plaintiffs incorporates by reference all prior allegations contained in this Complaint.

2. Defendant **ARBOR     LODGING     MANAGEMENT     d/b/a     HYATT     PLACE DALLAS/ARLINGTON** and Defendants **JOHN DOES (1-10) (fictitious names) & JANE DOES (1-10)** negligently served an excessive number of intoxicating beverages, to the deceased, **DONALD M. SNYDER**, who at the time he was served, **JOHN DOES**

**(1-10) (fictitious names) & JANE DOES (1-10)** knew, or reasonably should have known, the deceased, **DONALD M. SNYDER** was visibly intoxicated.

3.  Defendant **ARBOR LODGING MANAGEMENT d/b/a HYATT PLACE DALLAS/ARLINGTON** and Defendants **JOHN DOES (1-10) (fictitious names) & JANE DOES (1-10)** conduct constitutes aggravated and outrageous conduct in conscious disregard of substantial risk or harm to Plaintiff and others and evidences an evil mind in that defendants acted to serve their own interests and having reason to know and consciously disregarding the substantial risk that overserving patrons might significantly injure the rights of others.

4.  Defendants consciously pursued a course of conduct knowing it created a substantial risk of significant harm to other persons.

5.  Plaintiff is entitled to a punitive or exemplary damages award in a sum sufficient to punish Defendant and to deter others from overserving patrons.

10

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment against Defendants as follows:

1. Economic and non-economic damages, special damages and general damages, including pain and suffering, in an amount of twenty-five million dollars ($25,000,000);

2. For compensatory damages for the acts complained of herein in an amount to be determined by a jury;

3. Punitive damages for the acts complained of herein in an amount to be determined by a jury;

4. Damages for loss of enjoyment of life damages;

5. Loss of companionship and society of the deceased;

6. For an award of attorneys' fees and costs;

7. For prejudgment interest;

8. For the costs of suit;

9. For post-judgment interest; and

10. For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial as to all claims and issues triable of right by a jury pursuant

to Rule 1:8-2(b) and Rule 4:35-1(a).

<div style="margin-left:40%">

Respectfully submitted,
GARCES, GRABLER & LeBROCQ
235 Livingston Avenue
New Brunswick, New Jersey 08901
Attorneys for Plaintiffs


By: _____
RALPH CRETELLA, ESQ.
Attorney I.D. No: 212502017
rcretella@garcesgrbaler.com

</div>

## CERTIFICATION OF NON-PENDENCY

Pursuant to Rule 4:5-1, I hereby certify that to the best of my knowledge, the above

captioned matter is not the subject of any other pending action in any Court or of a pending

arbitration proceeding. I hereby certify that no other action or arbitration is being contemplated

by the Plaintiffs. Other than the parties set forth in this pleading, I know of no other parties that

should be joined in the above action.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that **RALPH G. CRETELLA, IV ESQ.**, of the law office of

GARCES, GRABLER & LeBROCQ, P.C., is hereby designated as trial counsel in the above-

captioned matter pursuant to *Rule 4:25-4.*

## DEMAND TO PRESERVE EVIDENCE

All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social work or related websites, entries on social networking sites (including, but not limited to, Facebook, Instagram, Twitter, Snapchat, etc.) and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

## DEMAND FOR PLEADINGS/DISCOVERY

TAKE NOTICE that the undersigned attorney(s), counsel for the Plaintiff(s), hereby demands pursuant to Rules 1:5-1(a); 4:17-2(b)(i) and 4:17-4(c), that each party herein provide any and all such pleadings and answered Interrogatories received from any party including any documents, papers and other materials referred to herein, upon the undersigned attorney, and answer Form C and Form C(1) Interrogatories of Appendix II of the N.J. Rules of Court; and TAKE NOTICE this is a continuing demand.

## DEMAND FOR INSURANCE INFORMATION

Pursuant to R 4:10-2(b) state whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

13

Attached a copy of each insurance policy or in the alternative state:

A.      Name and address of insurer or issuer;

B.      Policy name;

C.      Date of inception and expiration of coverage;

D.      Names and addresses of all persons insured thereunder;

E.      Name and address of person who has custody and possession of policy.

Failure to provide the above within the thirty (30) day period required by ***Rule 4:18-1*** will result in counsel for plaintiff applying to the Court for the appropriate sanctions, including but not limited to counsel fees and costs, precluding the use of any of the requested documents, as well as an Order, barring Defendants' defenses and striking their answer.

Respectfully submitted,
GARCES, GRABLER & LeBROCQ
235 Livingston Avenue
New Brunswick, New Jersey 08901
Attorneys for Plaintiffs

By: _____

RALPH CRETELLA, ESQ.
Attorney I.D. No: 212502017
rcretella@garcesgrbaler.com

Dated: May 26, 2023

14

# Civil Case Information Statement

**Case Details: MIDDLESEX | Civil Part Docket# L-002995-23**

**Case Caption:** DONALD M. SNYDER   VS ARBOR
LODGING MANAGE MENT

**Case Initiation Date:** 05/26/2023

**Attorney Name:** RALPH GEORGE CRETELLA IV

**Firm Name:** GARCES GRABLER & LEBROCQ, PC

**Address:** 235 LIVINGSTON AVE
NEW BRUNSWICK NJ 08901

**Phone:** 7322491300

**Name of Party:** PLAINTIFF : DONALD M. SNYDER

**Name of Defendant's Primary Insurance Company**
(if known): GALLAGHER BASSETT

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** YES

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: DONALD M. SNYDER ?** NO

**Are sexual abuse claims alleged by: JOAN SNYDER?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/26/2023
Dated

/s/ RALPH GEORGE CRETELLA IV
Signed

# EXHIBIT B

**ORDER OF MICHAEL V. CRESITELLO, JR., P.J.Cv.**
SUPERIOR COURT OF NEW JERSEY
CIVIL DIVISION | VICINAGE 8 – MIDDLESEX
56 PATERSON STREET, P.O. BOX 964
NEW BRUNSWICK, NEW JERSEY 08903-0964

# FILED

### June 1, 2023

Hon. Michael V. Cresitello, Jr., P.J.Cv.

| | |
|---|---|
| THE ESTATE OF DONALD M. SNYDER by her [sic] ADMINISTRATOR AD PROSEQUENDUM JOAN SNYDER,<br><br>      Plaintiffs,<br><br>vs.<br><br>ARBOR LODGING MANAGEMENT; HYATT PLACE DALLAS/ARLINGTON; JOHN DOES (1-10) (fictitious names); JANE DOES (1-10) (fictitious names); LIMITED LIABIL TY COMPANIES and/or PARTNERSHIPS 1-10; and A.B.C. COMPANIES (1-10) (fictitious entities),<br><br>      Defendants, | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br>DOCKET NO.:  MID-L-2995-23<br><br><br>Civil Action<br><br>**ORDER TRANSFERRING VENUE** |

      **THIS MATTER** having come before the Court by way of correspondence filed by counsel for plaintiff advising that this Complaint was improperly filed in Middlesex County,  upon notice to the parties and no opposition having been filed; and the Court finding that a change of venue is necessary in the interest of justice pursuant to R. 4:3-2(a)(3); and for good cause having been shown:

      **IT IS** on this __1st__ day of _____June_____, 2023;

      **ORDERED** that the venue in the above-captioned matter shall be transferred to Atlantic County, Civil Division; and it is further

      **ORDERED** the posting of this Order on eCourts shall constitute service upon all counsel of record. If applicable, pursuant to R. 1:5-1(a), a copy of this Order shall be served upon all parties who have not been electronically served through an approved Electronic Court System pursuant to R. 1:32-2A, nor personally served in court, within seven (7) days of receipt of this Order.

                         /s/ *Michael V. Cresitello. Jr.*

                    HON. MICHAEL V. CRESITELLO, JR., P.J. Cv.

# EXHIBIT C

**SUPERIOR COURT OF NEW JERSEY - eCOURTS CIVIL LAW**

The following was filed by on 06/15/2023:

| | |
|---|---|
| Plaintiff Name : | DONALD M. SNYDER, SNYDER JOAN |
| Defendant Name: : | ARBOR LODGING MANAGE MENT, HYATT PLACE DALLAS/A RLINGTON, JOHN DOES (1-100), LIMITED LIABILITY COMPANIES AND/OR PARTNERSHIPS        ,A.B.C COMPANIES (1-1 00), JANE DOES (1-100) |
| Case Caption: | DONALD M. SNYDER  VS ARBOR LODGING MANAGE MENT |
| Case Number: | MID L 002995-23 |
| Docket Text: | This case has been transferred from MID-L-2995-23 to ATL-L-1152-23 |
| Transaction ID: | LCV20231815447 |

**Notice has been electronically mailed to:**

| | | |
|---|---|---|
| Plaintiff Attorney | RALPH GEORGE CRETELLA | RCRETELLA@GARCESGRABLER.COM |
| | | BGOMEZ@GARCESGRABLER.COM |
| | | RBASANTES@GARCESGRABLER.COM |
| Plaintiff Attorney | RALPH GEORGE CRETELLA | RCRETELLA@GARCESGRABLER.COM |
| | | BGOMEZ@GARCESGRABLER.COM |
| | | RBASANTES@GARCESGRABLER.COM |

**Notice was not electronically mailed to:**

| | | |
|---|---|---|
| Defendant | ARBOR LODGING MANAGE MENT | NJ 00000 |
| Defendant | HYATT PLACE DALLAS/A RLINGTON | NJ 00000 |
| Defendant | JOHN DOES (1-100) | NJ 00000 |
| Defendant | LIMITED LIABILITY CO MPANIES A N | NJ 00000 |
| Defendant | A.B.C COMPANIES (1-1 00) | NJ 00000 |
| Defendant | JANE DOES (1-100) | NJ 00000 |

Login to eCourts to view the Case Jacket. You will need a valid user ID (Bar ID) to view the submitted documents.

For questions, please contact the Superior Court of New Jersey Civil Division in county of venue.

This communication is for notification purposes only.

This email was sent from a notification-only address that cannot accept incoming mail. Please do not reply to this message.

# EXHIBIT D

THE ESTATE OF DONALD M. SNYDER BY HER
ADMINISTRATOR AS PROSEQUENDUM JOAN
SNYDER                                    Plaintiff

vs.

ARBOR LODGING MANAGEMENT; HYATT PLACE    Defendant
DALLAS/ARLINGTON; JOHN DOES (1-10) (fictitious
names); JANE DOES (1-10) (fictitious names);
LIMITED LIABILITY COMPANIES and/or
PARTNERSHIPS 1-10; and A.B.C. COMPANIES (1-10)
(fictitious entities),

Superior Court of New Jersey
Atlantic County
Docket Number:  ATL-L-1152-23

**Person to be Served** (Name & Address) :
Arbor Lodging Management d/b/a Hyatt Place Dallas/Arlington
2380 E Road To Six Flags St, Arlington, TX 76011

**AFFIDAVIT OF SERVICE**
(For use by Private Service)

**Attorney:**
Garces, Grabler, & LeBrocq
Ralph Cretella, ESQ
235 Livingston Ave
New Brunswick, NJ 08901

Cost of Service pursuant to R. 4:4-3(c)

**Papers Served:**
Summons (Received Jun 15, 2023 at 5:33pm EDT), Complaint (Received Jun 15, 2023 at 5:33pm EDT)

**Service Data:**
Served Successfully  [X]    Not Served  [ ]    Date  June 28, 2023    Time: 2:27pm CDT    Attempts: 1

[ ] Delivered a copy to him / her personally
[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)
[X] Left a copy with a person authorized to accept service, e.g., management agent, registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship or title
Wendy Boyd
Location Manager

**Description of Person Accepting Service:**

Sex: Female  Age: 50-60  Height: 5'-0"  Weight: --  Skin Color: Caucasian  Hair Color: Gray

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] No response on: Date: _____ Date: _____
    Time: _____ Time: _____
[ ] Other: _____  Comments or Remarks

**Server Data:**

Subscribed and Sworn to me this
30 day of June 2023

Notary Signature
Name of Notary, commission expiration.
12/17/2025
Destiny Scott

I, Chris Cloud, was at the time of service a competent adult and not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

6/30/23

Chris Cloud, 8177070664,

Affidavit of Service (9/30/2002)

Revised 9/30/2002, CN 10516-English

DESTINY SCOTT
Notary ID #129389623
My Commission Expires
December 17, 2025

page 1 of 1

# EXHIBIT E



# HARVARD BUSINESS SERVICES, INC.

16192 COASTAL HIGHWAY
LEWES, DELAWARE 19958-9776
Phone: (302) 645-7400 (800)-345-2677
Fax: (302) 645-1280
www.delawareinc.com

Vamsikrishna Bonthala
566 W Lake Street, Suite 320
Chicago IL, 60661

Dear Vamsikrishna Bonthala,

    We would like to convey our congratulations to you and ALM Arlington Concessions, LLC. We hope you enjoy terrific success with your new company. Thank you for giving us the opportunity to serve you as your incorporator and Delaware Registered Agent. You are now our valued client and we want to increase your success in any way we can.

Name: **ALM Arlington Concessions, LLC**
Date of Formation: March 07, 2019
Delaware State File Number: **7313660**
HBS Record ID Number: 389195

    Enclosed is the Recorded Copy of your Certificate of Formation. Please review the information on the certificates and insert them in your corporate kit.

    <u>Please remember the following:</u>

    **1. We must be made aware of any address changes. You may provide this information to us via email (mail@delawareinc.com) or phone (800-345-2677 ext. 6903). This will ensure that we remind you of the following two things:**

    2. Delaware LLC/LP tax is due **June 1st** each year. If the LLC/LP tax is not received by June 1st, a $200 late penalty plus 1.5% interest monthly will be imposed by the State of Delaware and your company will cease to be in good standing.

    3. Your annual registered fee of $50 is due on the anniversary month of your corporation. If the registered agent fee is not received by the due date, a $25 late penalty will be imposed. Failure to pay the registered agent fee within 3 months of the due date may lead to the loss of your registered agent, which could cause your company to become forfeit with Delaware.

    We would like to thank you once again, and wish you the best of luck. You can help us by telling a friend or business associate about our services. We work hard to keep things simple for you and your associates when it's time to incorporate.

Sincerely,

Filing Department
Harvard Business Services, Inc.

State of Delaware
Secretary of State
Division of Corporations
Delivered 02:46 PM 03/07/2019
FILED 02:46 PM 03/07/2019
SR 20191825071 - File Number 7313660

# CERTIFICATE OF FORMATION
## OF
## ALM Arlington Concessions, LLC

(A Delaware Limited Liability Company)

**First:** The name of the limited liability company is: ALM Arlington Concessions, LLC

**Second:** Its registered office in the State of Delaware is located at 16192 Coastal Highway, Lewes, Delaware 19958, County of Sussex. The registered agent in charge thereof is Harvard Business Services, Inc.

IN WITNESS WHEREOF, the undersigned, being fully authorized to execute and file this document have signed below and executed this Certificate of Formation on this March 07, 2019.

*Michael J. Bell*

Harvard Business Services, Inc., Authorized Person
By: Michael J. Bell, President

# STATEMENT OF AUTHORIZED PERSON

**************************

IN LIEU OF ORGANIZATIONAL MEETING

FOR

ALM Arlington Concessions, LLC

March 07, 2019

We, Harvard Business Services, Inc., the Authorized Person of ALM Arlington Concessions, LLC -- a Delaware Limited Liability Company -- hereby adopt the following resolution pursuant to Section 18-201 of the Delaware Limited Liability Company Act:

**Resolved**: That the Certificate of Formation of ALM Arlington Concessions, LLC was filed with the Secretary of State of Delaware on March 07, 2019.

**Resolved**: That on March 07, 2019 the following persons were appointed as the initial Members of the Limited Liability Company until their successors are elected and qualify:

Vamsikrishna Bonthala

**Resolved**: That the undersigned signatory hereby resigns as the authorized person of the above named Limited Liability Company.

This resolution shall be filed in the minute book of the company.

Harvard Business Services, Inc., Authorized Person

By: Michael J. Bell, President

*** This document is not part of the public record. Keep it in a safe place. ***

# HARVARD'S ADDITIONAL SERVICES

Did you know we offer many services other than formation/registered agent services? Below is a description of some of our popular services:

**Foreign Qualification:**
Many companies choose Delaware as their State of formation to take advantage of the strong corporate law structure but they do not actually do business in the State of Delaware. If your business will operate in a State other than the State of Delaware, a foreign qualification filing will typically be required. This filing allows a company to transact business in a jurisdiction other than where it was formed. Since every State has their own requirements to foreign qualify, let HBS take care of this detail for you.

**Good Standing Certificates (Also known as Certificates of Existence):**
A certificate of good standing may be required by many different parties, such as banks or different States. We can obtain a good standing from the State of Delaware for you from the State of Delaware. You may place the order online, www.delawareinc.com/gstanding or contact us by email, phone or fax.

**Tax ID Service:**
We can obtain the Federal Tax Identification Number for your Delaware Corporation or LLC. The Federal Tax Identification Number, also known as a company's "EIN", is mandatory for opening US bank accounts, obtaining loans, hiring employees, or conducting business in the United States. Our service eliminates the hassle of dealing with the IRS.

**Mail Forwarding Services:**

Virtual Office Mail Forwarding & Telephone
Our best Mail Forwarding package includes the authorization to use our address as your mailing address as well as your own Delaware telephone number. We will scan all of your incoming mail and email it to you. You will receive a Delaware phone number (302 area code) that will automatically be forwarded to any domestic phone number you provide so that your clients may contact you.

Basic 6 & Basic 25 Mail Forwarding
Pay for 6 or 25 email scans to be used as needed. We scan each piece of mail received, email it to you and hold the physical mail for one (1) week. Within that timeframe, you can request to have the mail sent to you. After one (1) week, the mail is securely shredded on site. As long as your company is active under our Delaware Registered Agent service, there is no time limit as to when you can use your scan credits.

Airplane & Yacht Mail Forwarding
Use our address to receive Federal Aviation Administration (FAA) Aircraft and/or Department of Natural Resources (DNREC) Boat Registrations. We will scan your mail, email it to you and physically forward registrations to your address on file.

You may place the order online at: www.delawareinc.com/ourservices/mail-forwarding/

**Many of our other services can be found on our website: www.delawareinc.com/ourservices. To initiate any of the above services, please call 1-800-345-2677 ext. 6911 or 302-645-7400 ext. 6911. You may also send an email request to info@delawareinc.com.**



# HARVARD BUSINESS SERVICES, INC.

16192 COASTAL HIGHWAY
LEWES, DELAWARE 19958-9776
Phone: (302) 645-7400 (800)-345-2677
Fax: (302) 645-1280
www.delawareinc.com

ACCOUNT:

Vamsikrishna Bonthala
566 W Lake Street, Suite 320
Chicago IL, 60661

March 11, 2019

## RECEIPT:

**ALM Arlington Concessions, LLC**
Delaware Division of Corporations file # 7313660
Record ID # 389195

Service Provided:

Formation                                    $179.00

## AMOUNT PAID: $179.00

# PAID IN FULL

**\*\*\* Keep this receipt for your records \*\*\***