**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ESTATE OF DONALD M. SNYDER, *By Joan Snyder, Administrator Ad Prosequendum*, <br><br>Plaintiff, <br><br>v. <br><br>ARBOR LODGING MANAGEMENT, *et al.* <br><br>Defendants. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br> No. 23-3983 KMW-MJS <br><br> **MEMORANDUM OPINION AND ORDER** |

**Ralph George Cretella, IV, Esquire**
Garces, Grabler & LeBrocq, P.C.
235 Livingston Avenue
New Brunswick, NJ 08901
*Counsel for Plaintiff Estate of Donald M. Snyder by Joan Snyder, Administrator Ad Prosequendum*

**Robin Sammer Behn, Esquire**
Marks, O'Neill, O'Brien, Doherty & Kelly P.C.
Cherry Tree Corporate Center
535 Route 38 East, Suite 501
Cherry Hill, NJ 08002
*Counsel for Defendant ALM Arlington, LLC*[1]

**WILLIAMS, District Judge:**

This matter comes before the Court on Defendant ALM Arlington, LLC's ("Defendant") Motion to Transfer Venue ("Motion") filed pursuant to 28 U.S.C. 1404(a) (ECF No. 5),[2] Plaintiff Estate of Donald M. Snyder by his Administrator Ad Prosequendum Joan Synder's ("Plaintiff") opposition (ECF No. 11), and Defendant's reply thereto (ECF No. 13). The Court has considered

---

[1] Defense counsel certified that Defendant ALM Arlington, LLC is improperly pled "Arbor Lodging Management dba Hyatt Pace Dallas/Arlington." (ECF No. 8) Accordingly, the Court will refer to Defendant as ALM Arlington, LLC.

[2] For clarity, the Court acknowledges the Motion is decided solely based on the pleadings and briefings submitted by the Parties.

the submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendant's Motion is **GRANTED**.

This case arises out of the discovery of the body of Donald M. Snyder ("Donald"), son of New Jersey resident Joan Snyder ("Joan"),[3] in a hotel room at the Hyatt Place Dallas/Arlington (the "Hyatt") – a hotel owned by Defendant, a citizen of Delaware, Texas, and Illinois – located in Arlington, Texas. Compl. ¶¶ 3, 5 at 2, ¶ 5 at 4; ECF No. 8. On December 24, 2022, Donald attended a football game to work at the direction of his employer and stayed at the Hyatt. Plaintiff's Opposition Brief ("Pl.'s Opp'n Br.") at 4. That same day, Donald returned to the hotel and consumed alcoholic beverages at the hotel bar. *Id.*; Compl. ¶ 2 at 3; Defendant's Brief ("Def.'s Br.") at 3. Donald was eventually escorted to his hotel room by one of the hotel's employees. Compl. ¶ 4 at 4. Two days later, on December 26, 2022, hotel staff found Donald in his hotel room deceased. Compl. ¶ 5 at 4. Officers of the Arlington Police Department were called to the scene and conducted an investigation into Donald's death, during which time the Tarrant County Medical Examiner's Office of Fort Worth, Texas responded to the scene to remove Donald's body. Def.'s Br. at Exs. A, B. A medical examiner of that office completed a postmortem examination and concluded that Donald's manner of death was accidental and the cause of death was acute ethanol toxicity. Def.'s Br. at Ex. B.

On May 26, 2023, Plaintiff filed a lawsuit in the Superior Court of New Jersey, Middlesex County. Notice of Removal at Ex. A, ECF No. 1-1. On July 26, 2023, Defendant filed a Notice of Removal. *See* Notice of Removal, ECF No. 1. On October 13, 2023, Defendant filed the instant Motion to Transfer Venue to the Northern District of Texas. ECF No. 5.

---

[3] For purposes of clarity, the Court will refer to Joan and Donald by their first names.

A party may move to transfer venue pursuant to 28 U.S.C. § 1404(a), which provides, in relevant part: [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "A plaintiff's choice of forum is generally given great weight; however, the plaintiff's choice of forum is not dispositive and may be displaced by other factors." *Arcoren v. DePuy Synthes Sales, Inc.*, No. 22-6603, 2023 WL 3983884, at *1 (D.N.J. June 13, 2023). Plaintiff's forum is accorded less weight when the forum has little connection with the operative facts of the lawsuit. *Liggett Grp. Inc. v. R.J. Reynolds Tobacco Co.*, 102 F. Supp. 2d 518, 530 (D.N.J. 2000).

Generally, a transfer of venue analysis under Section 1404(a) involves a weighing of private and public factors. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62-63 (2013). In *Jumara v. State Farm Insurance Co.*, the Third Circuit provided a list of factors a district court should consider. 55 F.3d 873, 879 (3d Cir. 1995). The private interest factors under *Jumara* are:

> [1] [P]laintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Michnowicz v. Gov't Emps. Ins. Co.*, No. 21-01102, 2021 WL 3566745, at *1 (D.N.J. Aug. 12, 2021) (alterations in original) (quoting *Jumara*, 55 F.3d at 879). The public interest factors are:

> [1] [T]he enforceability of the judgment; [2] practical considerations that could make the trial easy, expeditious, or inexpensive; [3] the relative administrative difficulty in the two fora resulting from court congestion; [4] the local interest in deciding local controversies at home; [5] the public policies of the fora; and [6] the familiarity of the trial judge with the applicable state law in diversity cases.

3

*Id.* at *2 (alterations in original) (quoting *Jumara*, 55 F.3d at 879-80). The moving party typically has the burden of establishing the need for transfer and the ultimate decision of whether to transfer a case lies within the discretion of a trial court. *Wagner Holding Corp. v. Invision Funding, LLC*, No. 21-10538, 2021 WL 5997997, at *3 (D.N.J. Dec. 20, 2021).

Here, the private and public interest factors warrant transfer under Section 1404(a) to the Northern District of Texas. First, Plaintiff could have initiated this action in the Northern District of Texas. *See* 28 U.S.C. 1391(b)(2) ("[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"). As Defendant points out, Donald's death occurred in the Northern District of Texas and the responding police, medical examiner's office, and hotel where Donald's body was found are all located in Texas, making Texas the state that has a greater interest in the adjudication of this matter. Moreover, the only relationships New Jersey appears to have to the instant action are Joan's domicile, Donald's estate was initiated in New Jersey, and that some potential fact witnesses live in New Jersey. *See* Pl.'s Opp'n Br. at 6, 7. Plaintiff does not identify how those fact witnesses are connected to the instant action, such as whether they escorted Donald to his hotel room or found his body in the hotel room. Additional reasons Plaintiff offers to maintain the instant action in New Jersey – that Donald was never a resident of Texas, Donald was only present in Texas for a few days, that a multinational corporation should anticipate doing business with patrons from other states and countries, and the absence of record evidence that Donald waived his right to bring the instant action in New Jersey – are either inapposite or accorded less weight to the transfer of venue analysis because the operative facts of the instant lawsuit occurred outside the forum selected by Plaintiff. *See Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.*, 21 F. Supp. 2d 465, 475 (D.N.J. 1998); *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J.

1993). Accordingly, the Court finds Defendant has demonstrated that transfer pursuant to Section 1404(a) is warranted.

## ORDER

For the reasons set forth above, and for good cause shown,

**IT IS** this 22 day of May, 2024, hereby

**ORDERED** that Plaintiff's Motion to Transfer Venue (ECF No. 5) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall **TRANSFER** this action to the United States District Court for the Northern District of Texas; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case insofar as it exists in the United States District Court for the District of New Jersey.

KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE